*Turner & Holt, for appellant.*
*J. B. Huston, for appellees.*

---

TAFT & SON *v.* L. BARRETT & WIFE.

**Conveyance to Defraud Creditors.**

A voluntary and fraudulent conveyance, through another, by a husband to his wife, is void as against creditors of the husband, notwithstanding that the debt due such creditor was incurred after the date of such conveyance.

APPEAL FROM CAMPBELL CHANCERY COURT.

March 23, 1875.

OPINION BY JUDGE COFER:

The appellants brought this suit in the chancery court of Campbell county against Lawrence Barrett and his wife, Ellen Barrett, alleging that they had recovered a judgment at law against Lawrence and John Barrett for a bill of lumber, on which they had caused an execution to issue, directed to the sheriff of Campbell county, who had returned it no property found.

They further allege that on the 31st of January, 1870, Lawrence Barrett and his wife, without consideration, and with a view of defrauding the creditors of the said Lawrence, and with the intention to afterwards obtain credit for the lumber purchased by the said Lawrence and John Barrett of them, conveyed to one Collins a certain lot of ground situated in Newport, and on the next day the said Collins reconveyed the lot to Mrs. Barrett.

They sought to subject the lot to the satisfaction of their judgment. It appeared from the petition that the debt which was the basis of the appellants' judgment, was created in March, June and August after the date of the conveyance, and Barrett and wife demurred to the petition; and the demurrer having been sustained and the petition dismissed, this appeal is prosecuted to reverse that judgment.

The allegations are that the deeds were both voluntary, and actually fraudulent. Those averments must, for the purpose of the demurrer, be treated as true, and this being done, we have no doubt but that the petition was sufficient.

The first section of the act to prevent fraudulent conveyances, Chap. 40, Rev. Stat., declares "that every gift, conveyance, assignment, transfer of, or charge upon any estate, made with intent to delay, hinder, or defraud creditors, purchasers, or other persons shall be void as against such creditors, purchasers or other persons." Every conveyance falling within the purview of this section is void as to all creditors, whether prior or subsequent. *Edwards, et al., v. Coleman,* 2 Bibb 204.

The second section of the same chapter provides that every gift, conveyance, etc., without valuable consideration therefor, shall be void as to all the existing liabilities, but shall not, on that account alone, be void as to creditors whose debts or demands are thereafter contracted.

Under the English statute of 13 Elizabeth, which contained no such provision as that contained in the second section of our act, it was long made a question whether voluntary conveyances were not on that account alone fraudulent as to subsequent creditors.

In *Sexton v. Wheaton & Wife,* 8 Wheaton 229, it was insisted for the appellants that the statute of 13 Elizabeth was still in force in the District of Columbia, and that under that act a voluntary conveyance was *per se* fraudulent and void as to subsequent, as well as prior creditors; and chief justice Marshall thought it necessary to review the English cases in which that statute had been construed in order to show that the courts there had, but not without much doubt and hesitation, come to the conclusion that such conveyances were not void merely on account of being voluntary. No such question can now arise in this state, but the construction given to the English statute serves to make the meaning of our own clear. Indeed, the language would seem to imply that a fraudulent conveyance, although made to the wife or child of the grantor, is to be held void as to creditors.

The language is that if made without valuable consideration, it shall not on that account alone be deemed fraudulent as to subsequent creditors. When a conveyance is actually fraudulent, it falls within the denunciations of section one, and the circumstance that it is also voluntary, cannot avoid the consequence of the fraud in fact.

That a fraudulent conveyance is void as to all creditors of the grantor is not only maintainable upon the principles applicable to the English statute, and on account of the language of our act against fraudulent conveyances independent of authority, but this court has repeatedly recognized this rule. *Casby v. Ross,* 3 J. J. Marsh. 290; *Lyne, et al., v. Bank of Ky.,* 5 J. J. Marsh. 545; *Enders v. Williams,* 1 Met. 346; *Duhme & Co. v. Young, et al.,* 3 Bush 343; *Lowry v. Fisher, et al.,* 2 Bush 70. We are, therefore, of the opinion that the court erred in sustaining the demurrer to the petition. Wherefore the judgment is *reversed,* and the cause is remanded, with directions to overrule the demurrer, and for further proceedings.

*E. W. Hawkins, G. R. Tearson, for appellants.*
*H. L. Smalley, for appellees.*